UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60353
_____

EARLEAN BELL,

Plaintiff-Appellant,

v.

INGALLS SHIPBUILDING, INC., AND TONY BAGGETT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(1:97-CV-196-GR)

_____

January 4, 2000

Before JONES and DENNIS, Circuit Judges, and PRADO[*], District Judge.

PER CURIAM:[*]

The court has conducted a careful de novo review of the trial court's grant of summary judgment in this case. After considering this appeal in light of the briefs, oral arguments of counsel, and pertinent portions of the record, we find that summary judgment in favor of Ingalls Shipbuilding, Inc., was improper. However, we will affirm the summary judgment granted in favor of Tony Baggett.

We find that fact issues remain on the question of whether the alleged conduct at Ingalls exceeded legally tolerable activity. The making of nooses is at least arguably objectively offensive, as it evokes the image of race-motivated lynching. In fact, there is evidence that it is this precise image that Baggett intended to evoke. The frequent making of nooses, coupled with the presence

---

[*]    District Judge of the Western District of Texas, sitting by designation.

[*]    Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent, except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

of allegedly offensive racial remarks and the presence of KKK graffiti at the worksite raise a fact issue regarding whether the work atmosphere at Ingalls was racially hostile.

We find there is a fact issue in the evidence regarding whether this allegedly hostile environment altered Bell's working conditions. There is evidence that the atmosphere was both objectively and subjectively abusive. Bell testified that she found the racially derogatory remarks and jokes subjectively offensive. According to her testimony, she complained about the making of nooses on at least three occasions. It would be a reasonable inference, based on the evidence viewed in a light most favorable to Bell, that workers would find the environment disruptive.

Should the jury find the environment both hostile and disruptive of working conditions, we find that there is evidence creating a fact issue regarding whether Ingalls can be held liable for the Title VII violation. The evidence shows that Bell and others reported the noosemaking incidents to supervisors, who failed to act. There is evidence that Bell's supervisors were aware of the problems Bell and other black employees were having with Baggett and that the supervisors responded to complaints by telling Bell that she would have to learn to "get along" with Baggett. Further, there is evidence that Ingalls supervisors tolerated the presence of KKK-related graffiti at the worksite. This evidence is sufficient to permit the issue of respondeat superior to go to trial.

As for the issue of retaliation, we find that there is evidence in the record that Bell's supervisor knew of her complaints about Baggett when he removed her from sea trials. We find that participating in sea trials afforded Bell an opportunity to earn extra income and, therefore, denying her that opportunity was an adverse personnel action for the purposes of Title VII. In light of Ingalls's knowledge of Bell's complaints and the timing of its adverse personnel action, we find that she should be allowed to try the issue of whether Ingalls retaliated against her for making an EEOC complaint.

We disagree with Bell that the trial court erroneously dismissed her claims against Baggett, individually. Bell claims that a remedy will not fail if the pleadings sufficiently state allegations that notify the court that the allegations fall within a statute even though the statute is not cited in the pleadings. The cases Bell cites in support of her argument deal with pleadings under Mississippi

statutes, and are not applicable to general tort claims. Moreover, Bell's pleadings do not put the court or the opposing party on notice that she was raising negligence claims. *See* FED. R. CIV. P. 8(a). There was no evidence that the throwing of the noose was unintentional or negligent. Bell did not allege a duty owed her by Baggett, or a breach of such a duty. Baggett's defense did not raise the issue of negligence. Instead, at deposition and trial, Baggett argued that he did not engage in the complained-of conduct; he did not claim that the noose fell around Bell's neck as the result of his negligence. There is nothing in the record to support Bell's claim that the jury could have been given questions on negligence or gross negligence, and her claims against Baggett individually were properly dismissed.

For these reasons, the judgment of the district court is AFFIRMED, IN PART, insofar as the claims against Baggett, individually, were dismissed. The judgment is REVERSED, and REMANDED, IN PART, insofar as it dismissed Bell's Title VII claims against Ingalls.